UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

Wesley T. Deal

Plaintiff,

v.                                                                Civil Action No. _____

Correctional Officer Christy McCloud, in her individual and official capacity;

Sheriff Robert Young, in his individual and official capacity;

Piscataquis County;

Piscataquis County Sheriff's Department,

Defendants.

_____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Wesley T. Deal, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 and Maine state law against Defendants Correctional Officer Christy McCloud, Sheriff Robert Young, Piscataquis County, and Piscataquis County Sheriff's Department for violations of his constitutional and state-law rights arising from sexual abuse and harassment while detained at Piscataquis County Jail. Plaintiff respectfully submits as follows:

## I. JURISDICTION AND VENUE

1. This action arises under the Constitution of the United States, specifically the Fourteenth Amendment, and 42 U.S.C. § 1983. This Court has jurisdiction over the federal claims under 28 U.S.C. §§ 1331 and 1343(a)(3).

2. Supplemental jurisdiction over the state-law claims is proper under 28 U.S.C. § 1367(a) because they form part of the same case or controversy.

3. Venue is proper in this District under 28 U.S.C. § 1391(b) because all events giving rise to this action occurred in Piscataquis County, Maine, and all Defendants reside or are employed in this District.

## II. PARTIES

4. Plaintiff Wesley T. Deal is an adult citizen of the United States. At all relevant times, he was a federal pretrial detainee held at Piscataquis County Jail under a contract with the U.S. Marshals Service.

5. Defendant Correctional Officer Christy McCloud ("Christy") is (or was) a correctional officer employed at Piscataquis County Jail, acting at all times under color of state law within the meaning of 42 U.S.C. § 1983.

6. Defendant Sheriff Robert Young is the elected Sheriff of Piscataquis County, responsible for the operation, policies, training, and supervision of staff at Piscataquis County Jail, acting under color of state law.

7. Defendant Piscataquis County is a political subdivision of the State of Maine, responsible for funding and overseeing the operations of Piscataquis County Jail.

8. Defendant Piscataquis County Sheriff's Department is the agency responsible for operating Piscataquis County Jail and supervising its employees, including Defendant Christy.

### III. FACTUAL ALLEGATIONS

9. In November 2022, Plaintiff was transferred to the basement housing unit of Piscataquis County Jail, where he was the only federal detainee, housed alongside inmates including Carl, Tom, Scott, and later Nick and Lyle.

10. Shortly after his placement, Defendant Christy began a pattern of sexual abuse and harassment against Plaintiff, exploiting her authority as an armed correctional officer.

11. On multiple occasions, Christy intentionally slapped or grabbed Plaintiff's buttocks as he walked past her, making sexual comments such as "nice" or "solid."

12. On one occasion, while Plaintiff was showering, Christy entered the shower area without warning, stared at Plaintiff in the nude for approximately 30–45 seconds, and then left without explanation.

13. The following day, Christy remarked to Plaintiff, "It's a shame you're in here," in a suggestive manner that exacerbated his distress.

14. Christy further escalated her misconduct by waking Plaintiff during early medication rounds by rubbing his inner thighs, an act performed for her own sexual gratification.

15. Plaintiff was powerless to resist Christy's actions due to her authority as an armed officer with control over his confinement conditions, creating a significant power imbalance.

16. In an attempt to avoid Christy's predatory conduct, Plaintiff changed his medication schedule to evenings, but the abuse persisted.

17. Plaintiff filed a Prison Rape Elimination Act (PREA) complaint with jail authorities regarding Christy's misconduct, pursuant to 34 U.S.C. § 30301 et seq.

18. Another inmate, Nick, also filed a PREA complaint against Christy, indicating a broader pattern of misconduct.

19. Plaintiff reported Christy's actions to his attorney, who informed him that nothing could be done, leaving Plaintiff without immediate recourse.

20. Plaintiff also reported the misconduct to Rachel, a mental health specialist at the jail, who disclosed that Christy had previously sexually

harassed other officers, including Rachel's brother, and that the jail administration knew Christy should have been terminated years earlier.

21. Despite this known history of misconduct, Defendants Sheriff Young, Piscataquis County, and the Sheriff's Department failed to discipline, retrain, or remove Christy, allowing her to continue abusing inmates, including Plaintiff.

22. As a direct result of Christy's actions and Defendants' deliberate indifference, Plaintiff has suffered severe emotional distress, humiliation, anxiety, and psychological trauma.

23. External reports, including those from the Bangor Daily News (2022), have documented systemic failures at Piscataquis County Jail, including inadequate PREA compliance and oversight, further supporting Plaintiff's allegations of institutional negligence.

## IV. CAUSES OF ACTION

**Count I**: 42 U.S.C. § 1983 – Fourteenth Amendment Violation (Against Christy, Sheriff Young, and Piscataquis County)

24. Plaintiff realleges and incorporates by reference paragraphs 1–23.

25. As a pretrial detainee, Plaintiff has a constitutional right under the Fourteenth Amendment's Due Process Clause to be free from objectively

unreasonable treatment, including sexual abuse and harassment, while in custody. See *Kingsley v. Hendrickson, 576 U.S. 389, 400–01 (2015)*.

26. Defendant Christy's actions—unwanted physical contact, voyeurism, and sexual comments—were objectively unreasonable and violated Plaintiff's constitutional rights.

27. Defendants Sheriff Young and Piscataquis County acted with deliberate indifference by failing to supervise or discipline Christy despite prior complaints, directly causing Plaintiff's harm. See *Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)*.

28. All Defendants acted under color of state law.

**Count II:** 42 U.S.C. § 1983 – Failure to Train and Supervise (Against Sheriff Young and Piscataquis County)

29. Plaintiff realleges and incorporates by reference paragraphs 1–28.

30. Defendants Sheriff Young and Piscataquis County failed to adequately train, supervise, or discipline Christy, despite knowledge of her prior sexual misconduct, as evidenced by Rachel's statement and other PREA complaints.

31. This failure constitutes a policy or custom of deliberate indifference, directly causing Plaintiff's constitutional injuries. See *Connick v. Thompson, 563 U.S. 51 (2011)*.

**Count III**: Assault and Battery – Maine State Law (Against Christy)

32. Plaintiff realleges and incorporates by reference paragraphs 1–31.

33. Defendant Christy intentionally caused harmful or offensive contact by slapping or grabbing Plaintiff's buttocks and rubbing his inner thighs without consent, constituting assault and battery under Maine law. See ***Richards v. Town of Eliot, 780 A.2d 281 (Me. 2001).***

34. These actions caused Plaintiff physical and emotional harm.

**Count IV:** Intentional Infliction of Emotional Distress – Maine State Law (Against Christy)

35. Plaintiff realleges and incorporates by reference paragraphs 1–34.

36. Defendant Christy's sexual abuse and harassment, conducted under the authority of her position, constitute extreme and outrageous conduct that intentionally or recklessly caused Plaintiff severe emotional distress, including anxiety, humiliation, and trauma, in violation of Maine law. See ***Curtis v. Porter, 784 A.2d 18 (Me. 2001)***.

**Count V:** Negligent Hiring, Supervision, and Retention – Maine State Law (Against Sheriff Young and Piscataquis County)

37. Plaintiff realleges and incorporates by reference paragraphs 1–36.

38. Defendants Sheriff Young and Piscataquis County negligently hired, supervised, and retained Christy despite knowledge of her prior sexual misconduct, as evidenced by Rachel's statement and other complaints, foreseeably causing Plaintiff's injuries. See *Fortin v. Roman Catholic Bishop of Portland*, 871 A.2d 1208 (Me. 2005).

## V. PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court grant the following relief:

A. Compensatory damages in the amount of $1,500,000 against all Defendants, jointly and severally, for Plaintiff's physical, emotional, and psychological injuries.
B. Punitive damages in the amount of $500,000 against Defendant Christy for her willful and malicious conduct.
C. Reasonable costs and fees, including those permitted under 42 U.S.C. § 1988.
D. Injunctive relief requiring Defendants Sheriff Young, Piscataquis County, and the Sheriff's Department to implement PREA-compliant training and oversight to prevent further abuse of detainees.
E. Such other and further relief as the Court deems just and proper.

## VI. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*[signature]*

Wesley T. Deal

Reg. No. 05074-510

FCI-Seagoville

P. O. Box 9000

Seagoville, TX 75159-000

Pro Se Plaintiff

Date: September 5, 2025